IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| APRIL RICHARDS, individually | : | |
| and as the mother and natural guardian | : | |
| of KD, a minor. | : | |
| 201 Ohio Street | : | Case No.: |
| Brilliant, Ohio 43913 | : | |
| | : | Judge: |
| Plaintiff, | : | |
| | : | |
| v. | : | COMPLAINT WITH JURY |
| | : | DEMAND ENDORSED HEREIN |
| THE UNITED STATES OF AMERICA, | : | |
| c/o Benjamin C. Glassman, Esq. | : | |
| United States Attorney for the Southern | : | |
| District of Ohio | : | |
| 303 Marconi Blvd., Suite 200 | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

1. Plaintiff April Richards brings this claim on her own behalf and on behalf of her minor daughter, KD, who was born on November 11, 2014. At all times relevant herein, Plaintiff was a resident of Jefferson County, Ohio.

2. At all times relevant herein, Change Inc. was a federally funded community action and health agency that served patients in Jefferson County, Ohio, including Plaintiff April Richards and her minor daughter, KD. The acts performed by the agents and/or employees of Change, Inc. in the care and treatment of Plaintiff April Richards and her daughter, KD, were in connection with, and in the course and scope, of their employment with Change, Inc. and the federal government of the United States of America. The Defendant is the United States of America, its officers, agents, employees, and representatives.

1

3.      The Court has jurisdiction because this action is brought pursuant to 28 U.S.C. § 2671-80, commonly known as the Federal Tort Claims Act.

4.      Plaintiff timely filed an administrative claim (Form 95) on behalf of her and her daughter, KD, alleging that they suffered injuries due to medical negligence related to the birth of KD. The Form 95 for both claimants was acknowledged received on October 11, 2016 and denied by the Department of Health & Human Services on January 31, 2017.

5.      Venue is proper in the Southern District of Ohio, Eastern Division under 28 U.S.C. §1391(b) and (c).

6.      The Affidavit of Merit of Jeffrey Stoffer is attached hereto as exhibit 1 and the Affidavit of Merit of Daniel Adler, M.D. is attached hereto as exhibit 2.

## COUNT ONE – NEGLIGENCE

7.      Plaintiff hereby incorporates by reference all allegations above as if fully rewritten herein.

8.      Plaintiff April Richards, age 29 at the time in question, received obstetrical care from the medical providers at Change, Inc. Family Medical Care & Women's Health, located in Wintersville, Ohio, from approximately July 3, 2014 until the birth of her daughter, KD, on November 11, 2014.

9.      From the outset of Plaintiff's obstetrical treatment at Change, Inc., there was significant evidence of fetal macrosomia, including, but not limited to, pre-delivery notations in the medical records by providers that the fetus was "large for gestational age" and that there was "excessive fetal growth affecting care of mother – antepartum condition or complication." In spite of concerns of fetal macrosomia, Plaintiff's medical providers at Change, Inc. recommended a term vaginal delivery.

2

10. On November 10, 2015, Plaintiff, who was 39.6 weeks pregnant at the time, presented to Trinity Medical Center West at approximately 2357 for labor and delivery. She came under the care of Dr. Cynthia Gray. Dr. Gray had provided Plaintiff with pre-natal care through Change, Inc. The delivery note authored by Dr. Gray states that there was a suspicion of fetal macrosomia based on a fetal ultrasound that was performed on October 30, 2014. The baby's position was noted to be left occiput anterior. Because of what Dr. Gray described as relatively ineffective pushing, Dr. Gray made the decision to use a Kiwi vacuum to try to deliver the baby. The baby's head was delivered at 0122, and then very severe shoulder dystocia was encountered. At 0130, a stat cesarean section was ordered. Efforts to deliver the baby vaginally continued in spite of this order. Ultimately the anterior shoulder was delivered at 0137 for a total of 15 minutes from vertex to body.

11. No respirations, tone or heart rate were noted immediately after delivery. The baby's APGAR scores were 0, 2, 3 and 7 at one, five, ten and twenty-minutes. The baby required intubation and chest compressions. The first arterial blood gas recorded at 7.08 with a base deficit of -18. At twelve-hours of life, the baby developed seizures. KD has been diagnosed with right upper extremity obstetrical brachial plexus palsy and hypoxic ischemic encephalopathy.

12. The physicians and medical providers at Change, Inc., including, but not limited to Dr. Gray, were negligent in the care rendered to Plaintiff April Richards and her fetus, including, but not limited to, failing to adequately provide Plaintiff with adequate treatment options in regard to delivery, including the option of a planned cesarean section and education regarding the risks of vaginal delivery under the circumstances; failing to order an earlier cesarean section given the evidence of likely fetal macrosomia; failing to perform the delivery and maneuvers properly

under the circumstances; utilizing a Kiwi vacuum when such use was not indicated; and administering Pitocin when it was not indicated under the circumstances.  The physicians and medical providers at Change, Inc. were negligent in other respects as well.

13. As a direct and proximate cause of the negligence described above, Plaintiff gave birth to a seriously injured baby.  As a result of said negligence, Plaintiff KD has suffered severe and permanent injuries, including, but not limited to, a right upper extremity brachial plexus injury and hypoxic ischemic encephalopathy.  Said injuries have caused her severe pain and suffering, disability, physical impairment, loss of enjoyment of life, and inability to perform customary and usual activities for a child.

14. Plaintiff KD has required significant medical treatment related to the injuries caused by said negligence.  She has incurred reasonable and necessary medical expenses as a result of said negligence.

15. Since Plaintiff KD's injuries are permanent, she will incur future medical expenses and will likely suffer lost wages and/or a loss of future earning capacity.  She will endure continued pain, suffering, anxiety, disability, emotional distress, loss of enjoyment of life and loss of ability to perform usual and customary activities.

## COUNT TWO – LOSS OF CONSORTIUM

16. Plaintiff hereby incorporates by reference all allegations above as if fully rewritten herein.

17. As a further direct and proximate result of the negligence of the Defendant as described herein, Plaintiff April Richards has suffered damages which includes the loss of consortium of their her daughter, Plaintiff KD, including the loss of her companionship and society.

18.     Furthermore, Plaintiff April Richards has incurred medical bills for the treatment and care of Plaintiff KD and other related expenses due to the injuries that Plaintiff KD suffered at birth.  Plaintiff will continue to incur such expenses into the future given the severity and permanency of Plaintiff KD's injuries.

COUNT THREE – VALUE OF SERVICES

19.     Plaintiff hereby incorporates by reference all allegations above as if fully rewritten herein.

20.     As a further direct and proximate result of the negligence of the Defendant as described herein, Plaintiff April Richards has provided, and will continue to provide, extensive care and services to Plaintiff KD and is therefore entitled to be compensated for the value of the care and services that she has provided and will need to provide in the future.

**WHEREFORE,** Plaintiff demands judgment against the Defendant in an amount of money for compensatory damages, in excess of seventy-five thousand dollars ($75,000.00); for the cost of this action herein; for prejudgment interest as allowed by law; and for any other remedy at law or equity which this Court deems just and proper.

Respectfully submitted,

 */s/ Michael J. Rourke*
Michael J. Rourke     (#0022950)
Timothy M. Mahler    (#0079574)
ROURKE & BLUMENTHAL, LLP
495 S. High Street, Suite 450
Columbus, Ohio  43215
T:  (614) 220-9200
F:  (614) 220-7900
mrourke@randbllp.com
tmahler@randbllp.com
*Counsel for Plaintiffs*

## JURY DEMAND

Now comes Plaintiff by and through counsel, and demands a trial by jury on all issues.

                                                    _/s/ Michael J. Rourke_____
                                                    Michael J. Rourke     (#0022950)